**John Battey BATTEY, Petitioner,**

v.

**Michael B. MUSKASEY,\* Attorney General, Respondent.**

No. 04–73473.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 2007.\*\*

Filed Nov. 26, 2007.

John Battey Battey, N. Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

John Battey Battey, a native and citizen of Cameroon, petitions pro se for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

■ We lack jurisdiction to review the IJ's factual determination that Battey Battey did not meet the one-year deadline for filing his asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). Accordingly, Battey Battey's asylum claim is dismissed.

We have jurisdiction under 8 U.S.C. § 1252 to review Battey Battey's withholding of removal claim and CAT claim because the one-year deadline applies only to the asylum application. *See Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004).

■ Substantial evidence supports the adverse credibility determination. The adverse credibility determination rests in part in inconsistencies between Battey Battey's asylum application and his testimony regarding the two-year period prior to Battey Battey's departure from Cameroon. Battey Battey testified that he fled to an island and was in hiding for two years prior to his departure from Cameroon. His application, however, failed to mention the two-year period on the island. Moreover, the affidavit submitted by his attorney in Cameroon also failed to account for this period of hiding on the island. The adverse credibility determination is also supported by the cumulative effect of other inconsistencies in Battey Battey's testimony regarding key political events in Cameroon and events leading up

*** This disposition is not appropriate for publication and is not precedent except as provid-

to his departure. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (asylum application contained key omissions); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (material inconsistencies relating to the events leading up to departure).

■ Battey Battey has not established that is it more likely than not that he would be persecuted if he should be returned to Cameroon, therefore he has failed to establish that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Battey Battey has also not met the standard for CAT relief. *Id.* at 1157; *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**